ELECTRONICALLY FILED - 2018 Apr 26 11:53 AM - ANDERSON - COMMON PLEAS - CASE#2018CP0400811

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF ANDERSON<br><br>Teresa Young,<br><br>      Plaintiff,<br><br>   v.<br><br>Tri-County Technical College,<br><br>      Defendant. | IN THE COURT OF COMMON PLEAS<br>TENTH JUDICIAL CIRCUIT<br><br><br>**SUMMONS** |

TO THE DEFENDANT ABOVE NAMED:

  YOU ARE HEREBY SUMMONED and required to answer the Complaint herein, a copy of which is served upon you, and to serve a copy of your answer to this Complaint upon the subscriber at the address shown below within thirty (30) days (thirty five (35) days if served by United States Mail) after service hereof, exclusive of the date of such service, and if you fail to answer the Complaint, judgment by default will be rendered against you for the relief demanded in the Complaint.

              **CROMER BABB PORTER & J.H., LLC**

              BY: ___s/*Samantha E. Albrecht*_____
                Samantha E. Albrecht (#102642)
                1418 Laurel Street, Ste. A
                Post Office Box 11675
                Columbia, South Carolina 29211
                Phone 803-799-9530
                Fax  803-799-9533
                samantha@cbphlaw.com

              *Attorney for Plaintiff*

April 23, 2018
Columbia, South Carolina

ELECTRONICALLY FILED - 2018 Apr 26 11:53 AM - ANDERSON - COMMON PLEAS - CASE#2018CP0400811

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF ANDERSON<br><br>Teresa Young,<br>        Plaintiff,<br><br>  v.<br><br>Tri-County Technical College,<br>        Defendant. | IN THE COURT OF COMMON PLEAS<br>TENTH JUDICIAL CIRCUIT<br><br><br><br>**COMPLAINT**<br>**(Jury Trial Demanded)** |

The plaintiff complaining of the defendant respectfully alleges as follows:

## **PARTIES & JURISDICTION**

1. Plaintiff, Teresa Young, ("Plaintiff") is a resident and citizen of Pickens County, South Carolina.

2. Defendant, Tri-County Technical College, ("Defendant"), is located in Pendleton, South Carolina in Anderson County with two additional campuses in Anderson and Easley.

3. This action arises out of actions with regard to Plaintiff's employment with the Defendant. The Plaintiff alleges claims for violation of the Equal Pay Act, Gender Discrimination, Age Discrimination, Retaliation, and Violation of the S.C. Payment of Wages Act.

4. Plaintiff filed her Age and Gender Discrimination and Retaliation claims before the Equal Employment Opportunity Commission ("EEOC") and the South Carolina Human Affairs Commission. Plaintiff received her right to sue letter from the South Carolina Human Affairs Commission on March 23, 2018. Plaintiff received her right to sue letter from the EEOC on April 6, 2018. This is a timely action.

1

ELECTRONICALLY FILED - 2018 Apr 26 11:53 AM - ANDERSON - COMMON PLEAS - CASE#2018CP0400811

5.     The Parties have sufficient connections to Anderson County, South Carolina, the events at issue occurred therein, and jurisdiction is proper.

## FACTUAL ALLEGATIONS

6.     Plaintiff is a 60-year-old female who currently works for Defendant in Anderson County.

7.     Upon her hire, Plaintiff was intentionally misclassified to keep her pay at a level beneath her role and responsibility.

8.     Plaintiff had had conversations with Defendant's management about pay inequity, the need for an increase, and improper classification to no avail.

9.     Plaintiff was hired as Operations Manager over the Corporate and Community Education Division ("CCE") by Defendant in the fall of 2012 with a salary of $44,400. Plaintiff possessed over 30 years of management-related work experience when she was hired under the title of Administrative Coordinator I.

10.    In each of her annual evaluations, Plaintiff received an "exceeds" rating – the highest rating possible. In her role as Operations Manager, Plaintiff holds a variety of management responsibilities. Plaintiff's job duties include, but are not limited to, marketing, budgeting, registration system, reporting management, grant and funding development and management, building maintenance, improvement projects, and general day-to-day operation of the IBDC building on the Pendleton Campus.

11.    Plaintiff has three employees that report directly to her and three employees that report indirectly to her. Additionally, Plaintiff is required to provide management and technical support to the other 15+ CCE staff in order for them to perform their jobs.

ELECTRONICALLY FILED - 2018 Apr 26 11:53 AM - ANDERSON - COMMON PLEAS - CASE#2018CP0400811

12. Plaintiff has received merit-based pay increases and standard Statewide pay increases throughout her tenure with Defendant. Plaintiff is now earning $52,076.

13. Plaintiff's manager, the Dean of the CCE Division, attempted to modify Plaintiff's position description on separate occasions to better match her level of responsibilities, which would likely result in the job being given the appropriate classification. The Dean has not been successful in changing Plaintiff's classification through standard Human Resources protocol.

14. In an effort to understand what steps she needed to take to remedy her misclassification, Plaintiff met with Defendant's Human Resources Manager, Sharon Colcolough. Colcolough responded to Plaintiff's inquiry by stating, "I never make a mistake."

15. Plaintiff has never had her pay issue fairly investigated nor resolved appropriately.

16. After Plaintiff lodged complaints regarding her misclassification, Colcolough held a meeting in which individuals discussed lowering the salaries of certain male employees to a level under Plaintiff's salary. This was discussed with the understanding that the male employees would receive unreported stipends that would raise them back to their current salaries.

17. Plaintiff has never received any stipends even though the complete scope of her job duties is not covered in her original job description. In order to support Division staff, Plaintiff frequently has to perform out of scope IT hardware work, maintenance work, and software programming.

18. Plaintiff replaced B.S., a male, after he was transitioned to manage Defendant's satellite campuses. Before he transitioned to the new role, Defendant paid B.S. an annual salary of $60,000. B.S. is approximately 13 years younger than Plaintiff and possessed less relevant

ELECTRONICALLY FILED - 2018 Apr 26 11:53 AM - ANDERSON - COMMON PLEAS - CASE#2018CP0400811

experience when he held Plaintiff's position. Plaintiff's duties and responsibilities have expanded since B.S.' departure from her Division.

19. Operations Managers are not common within Defendant. The closest employee with similar responsibilities to Plaintiff was K.S., Operations Manager. Both Plaintiff and K.S. managed budgets of approximately $3,000,000. K.S.'s state classification position was Administrative Manager I in 2013 with a salary of $81,867. K.S. is male and approximately 10 years younger than Plaintiff.

20. In the Spring of 2017, Defendant hired S.M., a replacement Program Manager of the Division's Healthcare Department. S.M. held the state job title of Training and Development Director II and received an annual salary of $70,000. Prior to S.M.'s hiring, Ms. A.R. held the position. A.R. possessed a stronger educational background, but similar years of experience. A.R. was hired at a salary of $56,787; however, only stayed with Defendant for approximately one year.

21. Additionally, J.H., who held the position of Program Manager of the Division's Healthcare Department for 16 years retired at a final salary of $68,856 in 2014. J.H., a female, made less than S.M. despite J.H. having considerably more time on the job and a greater education level.

22. As another comparison, S.S., a female peer Program Manager in the same division as S.M., held more advanced degrees than S.M. and more years of direct experience. S.S.'s title and state classification is the same as S.M.'s, but her salary is $65,196. After 28 years of related experience and advanced degrees, S.S.'s current salary is just 93% of S.M.'s despite her performance ratings being "Exceeds" for the last eight years.

4

23. Men and women performing the same roles and responsibilities are paid differently by the Defendant.

24. After reviewing a survey regarding statistics of the Defendant, Plaintiff realized that only 11 of her 30+ years of experience were accounted for when determining her original salary. This error occurred upon Plaintiff's acceptance of the job with Defendant five years ago. When Plaintiff discovered this error, she brought it to the attention of Colcolough. Colcolough stated the information from the survey to be confidential, though it was not marked as such.

25. In determining Plaintiff's initial salary, Colcolough picked a number at the lower end of the spectrum for Plaintiff's position. At the urging of Plaintiff's eventual supervisor, Plaintiff was given a salary in the median range for her position.

26. Plaintiff has submitted two requests for reclassification to which Defendant has not responded. Defendant acknowledged that Plaintiff had not been given the appropriate credit for her years of experience in determining her initial salary; however, that error was never remedied.

27. Defendant has never communicated the possibility of remedying the classification error of Plaintiff's position nor undertaken steps to fix the error of Plaintiff's years of experience.

28. Prior to Plaintiff's complaints, Defendant had been conducting sporadic meetings regarding the assimilation of the CCE Division and staff into another area of College.

29. After Plaintiff's complaints, meetings regarding the assimilation began occurring more frequently. This is believed to be occurring because it is likely that once the assimilation is complete, Plaintiff and her supervisor would likely be terminated.

30. As a result of her complaints, Plaintiff now feels like all eyes are on her throughout the College.

ELECTRONICALLY FILED - 2018 Apr 26 11:53 AM - ANDERSON - COMMON PLEAS - CASE#2018CP0400811

31.     Usually, employees are assigned several synchronous strategic initiatives on which to work outside of the scope of their regular duties. Plaintiff now only has one project pending and feels like she is being kept out of the loop due to her complaints.

32.     Classification changes have occurred between 2013 and 2017 in those being paid above $50,000/year in select positions with the Defendant. Younger, male employees with less experience than Plaintiff have received substantially higher salaries and received reclassifications of positions to which Plaintiff has not been privileged. As a result, Plaintiff has suffered damages for which Defendant is liable.

## FOR A FIRST CAUSE OF ACTION
Violation of the Equal Pay Act

33.     Where not inconsistent herewith, Plaintiff realleges the foregoing.

34.     Plaintiff was paid less for equal work (requiring equal skill, effort, and responsibility) than similarly situated males.

35.     Defendant does not have a seniority, merit, or quality/quantity system of compensation.

36.     The disparate pay discussed herein was not made on factors other than sex.

37.     The disparate pay described herein violates the equal pay act.

38.     The Defendant is liable to the Plaintiff for the willful violation of the Equal Pay Act alleged herein and damages caused thereby including, but not limited to, the amount of underpayment for the three years before the date the lawsuit is filed through the date of the verdict and an additional equal amount as liquidated damages. Plaintiff also requests pre-judgment interest and attorney's fees and costs of this action. Plaintiff last requests equitable relief including a correction to the underpayment at issue.

ELECTRONICALLY FILED - 2018 Apr 26 11:53 AM - ANDERSON - COMMON PLEAS - CASE#2018CP0400811

ELECTRONICALLY FILED - 2018 Apr 26 11:53 AM - ANDERSON - COMMON PLEAS - CASE#2018CP0400811

## FOR A SECOND CAUSE OF ACTION
### Gender Discrimination

39. Where not inconsistent herewith, Plaintiff realleges the foregoing.

40. Plaintiff, a female, is a member of a sex-based protected class.

41. The Defendant treated Plaintiff disparately with respect to the terms and conditions of her employment in comparison to similarly situated males. Particularly, Plaintiff was denied an appropriate reclassification of her position, denied pay raises to which she was entitled, and treated disparately when inquiring as to possible remedies to her incorrect classification.

42. The same constitutes unlawful gender discrimination in violation of Title VII for which the Defendant is liable.

43. For the gender discrimination, described herein, the Defendant is liable to the Plaintiff for back pay, front pay, back benefits, front benefits, lost wages, lost earning capacity, pain and suffering, humiliation, embarrassment, reputational loss, stress and anxiety. Plaintiff is also entitled to the reasonable attorney fees and costs of this action, prejudgment interest on all damages sought, and reinstatement.

## FOR A THIRD CAUSE OF ACTION
### ADEA Age Discrimination

44. Where not inconsistent herewith, Plaintiff realleges the foregoing.

45. Plaintiff, who is over 40, is a member of an aged based protected class.

46. Plaintiff was treated disparately and denied advancement in her profession by the Defendant because of her age.

7

ELECTRONICALLY FILED - 2018 Apr 26 11:53 AM - ANDERSON - COMMON PLEAS - CASE#2018CP0400811

47.     Specifically, Defendant denied Plaintiff an appropriate reclassification of her position, denied Plaintiff pay raises to which she was entitled, and treated Plaintiff disparately when inquiring as to possible remedies to her incorrect classification.

48.     That such conduct constitutes age discrimination in violation of the ADEA.

49.     For the conduct alleged herein, the Defendant has directly and proximately caused and is liable for all damages inflicted upon the Plaintiff including: back pay, front pay, back benefits, front benefits, diminished earning capacity, pain and suffering, embarrassment, shock, humiliation, mental suffering, and emotional distress. Plaintiff is also entitled attorney's fees in accord with federal and state laws, and Plaintiff is entitled to injunctive relief including reinstatement. Plaintiff last requests and is due pre-judgment interest on all damages recovered.

**FOR A FOURTH CAUSE OF ACTION**
Retaliation

50.     Where not inconsistent herewith, Plaintiff realleges the foregoing.

51.     Plaintiff engaged in protected activity first by reporting what she perceived to be gender and age discrimination substantiated by Defendant refusing to remedy a misclassification which resulted in higher pay for younger, male employees.

52.     Plaintiff was never afforded a fair investigation into her classification which resulted in severe financial loss, emotional harm, and a loss of standing within her profession.

53.     Plaintiff has since been subjected to a hostile work environment because she engaged in a protected activity.

54.     Such constitutes unlawful conduct in violation of Title VII of the Civil Rights Act for which the Defendant is liable.

55.     For the retaliation described herein, the Defendant is liable to the Plaintiff for back pay, front pay, back benefits, front benefits, lost wages, lost earning capacity, pain and

suffering, humiliation, embarrassment, reputational loss, stress and anxiety. Plaintiff is also entitled to the reasonable attorney fees and costs of this action, prejudgment interest on all damages sought, and reinstatement

**FOR A FIFTH CAUSE OF ACTION**
Violation of the S.C. Payment of Wages Act S.C. Code Ann. § 41-10-10 et seq

56.     Where not inconsistent herewith, Plaintiff realleges the foregoing.

57.     Defendant violated the Plaintiff's rights under the South Carolina Payment of Wages Act, S.C. Code Ann. § 41-10-10 *et seq.* Defendant unjustly and willfully retained wages earned by Plaintiff due to an intentional misclassification of her state job level and/or a failure to promptly investigate an incorrect misclassification lending to the retention of her wages by the Defendant.

58.     Plaintiff's division must fund their approximately $3,000,000 budget themselves. Any additional surplus just goes straight back into the Defendant's budget. By not paying Plaintiff her appropriate salary, the college is retaining money.

59.     The misclassification has costs Plaintiff approximately $25,000 per year in payroll.

60.     The Plaintiff is entitled to relief including three times the amount of wages to which she is owed (treble damages), attorney's fees, and costs for this specific cause of action.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Teresa Young, prays for judgment against Defendant Tri-County Technical College, for actual and other damages, as alleged above, in an amount to be determined by a jury. Plaintiff also prays for the attorney's fees and costs of this action, and any such other relief as the Court in law or equity may deem just and proper. Plaintiff also prays for

9

ELECTRONICALLY FILED - 2018 Apr 26 11:53 AM - ANDERSON - COMMON PLEAS - CASE#2018CP0400811

pre-judgment interest on all damages as recoverable.

                                      **CROMER BABB PORTER & J.H., LLC**

                                    BY: ___s/*Samantha E. Albrecht*_____
                                            Samantha E. Albrecht (#102642)
                                            1418 Laurel Street, Ste. A
                                            Post Office Box 11675
                                            Columbia, South Carolina 29211
                                            Phone  803-799-9530
                                            Fax     803-799-9533
                                            samantha@cbphlaw.com

                                      *Attorney for Plaintiff*

April 23, 2018
Columbia, South Carolina

# AFFIDAVIT OF SERVICE

**State of South Carolina**         **County of Anderson**         **Common Pleas Court**

Case Number: 2018-CP-04-0811

Plaintiff:
**Teresa young**

vs.

Defendant:
**Tri-County Technical College**

For:
Cromer Babb Porter & Hicks, LLC
1418 Laurel St.
Suite A
Columbia, SC 29201

Received by Palmetto Legal Gophers, LLC to be served on **Tri-County Technical College c/o: Dr. Ronnie L. Booth, Ph.D., President, 7900 US-76, Pendleton, SC 29670.**

I, Tony Finley, being duly sworn, depose and say that on the **30th day of April, 2018** at **4:55 pm**, I:

served a **CORPORATION** by delivering a true copy of the **Summons, Complaint, Letter** to: **Kathy Sims** as **Personal Assistant Authorized To Accept** for **Tri-County Technical College**, at the address of: **7900 US-76, Pendleton, SC 29670**.

**Description** of Person Served: Age: 50s, Sex: F, Race/Skin Color: White, Height: 5'5", Weight: 155, Hair: Brown, Glasses: Y

I certify that I am over the age of 18 and have no interest in the above action.

Subscribed and Sworn to before me on the 1st day of May, 2018 by the affiant who is personally known to me.

_____
NOTARY PUBLIC
EXP. DATE _____

Tony Finley

Palmetto Legal Gophers, LLC
www.palmettolegalgophers.com
PO Box 6108
Columbia, SC 29260
(803) 216-1621

Our Job Serial Number: LPW-2018001018

Copyright © 1992-2018 Database Services, Inc. - Process Server's Toolbox V7.1e



## Certificate of Electronic Notification

**Recipients**

**Samantha Albrecht**  - Notification transmitted on 05-10-2018 10:32:30 AM.

ELECTRONICALLY FILED - 2018 May 11 8:53 AM - ANDERSON - COMMON PLEAS - CASE#2018CP0400811

ELECTRONICALLY FILED - 2018 May 11 8:53 AM - ANDERSON - COMMON PLEAS - CASE#2018CP0400811

# ****** IMPORTANT NOTICE - READ THIS INFORMATION *****
## NOTICE OF ELECTRONIC FILING [NEF]

**A filing has been submitted to the court RE:** 2018CP0400811

| | |
|---|---|
| **Official File Stamp:** | 05-10-2018 10:32:00 AM |
| **Court:** | CIRCUIT COURT |
| | Common Pleas |
| | Anderson |
| **Case Caption:** | Teresa Young VS Tri-County Technical College |
| **Document(s) Submitted:** | Service/Affidavit Of Service |
| **Filed by or on behalf of:** | Samantha Elenor Albrecht |

This notice was automatically generated by the Court's auto-notification system.

**The following people were served electronically:**

Samantha Elenor Albrecht for Teresa Young

**The following people have not been served electronically by the Court. Therefore, they must be served by traditional means:**

Tri-County Technical College