UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Teresa Young, | ) | C/A No. 8:18-cv-01464-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| Tri-County Technical College, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on Defendant's Motion to Dismiss Plaintiff's Fifth Cause of Action. ECF No. 6. Plaintiff filed a Response in Opposition, and Defendant filed a Reply. ECF Nos. 9, 11. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pre-trial proceedings and a Report and Recommendation ("Report"). On August 20, 2018, the Magistrate Judge issued a Report recommending that the Motion be granted. ECF No. 17. Plaintiff filed objections to the Report.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

Plaintiff's Fifth Cause of Action alleges Defendant violated the South Carolina Payment of Wages Act ("Wages Act"), S.C. Code Ann. § 41-10-10, et. seq. Defendant contends that Plaintiff has failed to plausibly allege that she was not paid her agreed-upon salary. The Wages Act creates a "cause of action for an employee against an employer for the employer's failure to pay wages as required by the Act." *Meisner v. Zymogenetics, Inc.,* No. 3:12-cv-00684-CMC-PJG, 2014 WL 4721680, at *25 (D.S.C. Sept. 22, 2014) (citing S.C. Code Ann. § 41-10-80(c)). The Wages Act defines "wages" as

> all amounts at which labor rendered is recompensated, whether the amount is fixed or ascertained on a time, task, piece, or commission basis, or other method of calculating payments which are *due to an employee under any employer policy or employment contract*.

S.C. Code Ann. § 41-10-10(2) (emphasis added).

The Magistrate Judge agreed that Plaintiff failed to state a claim upon which relief can be granted. She provides a thorough review of the facts and applicable law. The Magistrate Judge determined that it was undisputed that Plaintiff failed to allege that Defendant did not pay her in accordance with the parties' agreement. The Magistrate Judge further determined that Plaintiff's argument that Defendant violated its own policy

regarding the salary it should have agreed to fails to account for the fact that the amount of wages due in the context of the Wages Act must be determined by reference to the agreement entered into by the parties. The Magistrate Judge concluded that Plaintiff's allegations fall outside the scope of the Wages Act.

Plaintiff objects to the Magistrate Judge's findings. She briefly contends that she alleged that Defendant failed to pay Plaintiff her agreed upon salary because Defendant misclassified Plaintiff's years of experience to calculate her starting salary. This argument was considered by the Magistrate Judge.

The Court agrees with the Magistrate Judge's conclusion that Plaintiff's allegations fall outside the scope of the Wages Act. *See Meisner*, 2014 WL 4721680, at *26 (stating that the Wages Act "creates a right to be paid wages due based upon an employment contract"); *Baugh v. Columbia Heart Clinic*, 738 S.E.2d 480, 495 (S.C. Ct. App. 2013) (holding that the amount of wages due to the employees within the meaning of the Wages Act depended upon the terms of the employees' contracts); *Matthews v. City of Greenwood*, 407 S.E.2d 668, 670 (S.C. Ct. App. 1991) (holding that payments to which a plaintiff claimed entitlement were "not 'wages' within the [meaning of the Wages Act]" because they were based on statutory rights rather than a "contractual right arising by agreement with his employer").

Plaintiff requests that, in the event the Court agree with the recommendation of the Magistrate Judge, the Court allow Plaintiff an opportunity to amend her Complaint. The Court finds that it would be futile to allow Plaintiff to amend her Complaint with respect to the Wages Act.

Accordingly, the Court adopts and incorporates the Report of the Magistrate Judge.  Defendant's Motion to Dismiss [6] is **GRANTED** and Plaintiff's Fifth Cause of Action pursuant to the South Carolina Payment of Wages Act is dismissed.

IT IS SO ORDERED.

March 6, 2019                                              s/Donald C. Coggins, Jr.
Spartanburg, South Carolina                         United States District Judge

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.