UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| Teresa Young, | ) C/A No. 8:18-cv-01464-DCC |
|---|---|
| Plaintiff, | ) |
| vs. | ) ORDER |
| Tri-County Technical College, | ) |
| Defendant. | ) |

This matter is before the Court on Defendant's Motion for Summary Judgment. ECF No. 32. Plaintiff filed a Response in Opposition, and Defendant filed a Reply. ECF Nos. 33, 35. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pre-trial proceedings and a Report and Recommendation ("Report"). On July 3, 2019, the Magistrate Judge issued a Report recommending that the Motion be granted. ECF No. 36. Plaintiff filed objections to the Report, and Defendant filed a Reply. ECF Nos. 39, 40.

On February 2, 2020, the Court heard arguments on the Motion. ECF No. 43. At the hearing, the Court adopted the recommendation of the Magistrate Judge and granted summary judgment as to Plaintiff's claims under the Equal Pay Act and the Age Discrimination in Employment Act and her claim for retaliation under Title VII of the Civil

1

Rights Act of 1964, as amended ("Title VII").[1]  *Id.*  The Court took Plaintiff's claim for gender discrimination pursuant to Title VII under advisement and directed the parties to submit any additional briefing as to this claim by February 10, 2020.  *Id*.  Both parties submitted supplemental briefing.  ECF Nos. 44, 45.

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *See Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his

---

[1] Plaintiff did not file objections to the Magistrate Judge's recommendation that summary judgment be granted as to her Age Discrimination in Employment Act claim.

compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin . . . ." 42 U.S.C. § 2000e-2(a)(1). Absent direct or circumstantial evidence that raises a genuine issue of material fact as to whether an impermissible factor motivated an employer's adverse employment action, a plaintiff may proceed under the *McDonnell Douglas* "pretext" framework to establish a claim of employment discrimination. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 318 (4th Cir. 2005) (quoting *Hill v. Lockheed Martin Logistics Mgmt., Inc.*, 354 F.3d 277, 285 (4th Cir. 2003)). Under that framework, a plaintiff must first establish a prima facie case of discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). "A prima facie pay-disparity case under *McDonnell Douglas* requires a plaintiff to establish (1) she is a member of a protected class, (2) she was performing her job satisfactorily, (3) an adverse employment action occurred, and (4) the circumstances suggest an unlawfully discriminatory motive." *Spencer v. Virginia State Univ.*, 919 F.3d 199, 207 (4th Cir. Mar. 26, 2019), *cert. denied*, 140 S. Ct. 381 (2019) (citing *McDonnell Douglas*, 411 U.S. at 802; *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981)). If the plaintiff provides credible evidence of a prima facie case, the burden of production shifts to the defendant to provide a legitimate, nondiscriminatory reason for its employment decision. *McDonnell Douglas*, 411 U.S. at 802. The plaintiff must then show by a preponderance of the evidence that the defendant's proffered reason is a pretext for discrimination. *Texas Dep't of Cty. Affairs*, 450 U.S. at 252–53.

Here, Plaintiff identifies Brian Swords[2] as a comparator who, she alleges, was paid more for performing similar work. Based on arguments presented at the hearing, the Court requested supplemental briefing with respect to whether Swords is a valid comparator. Upon review of the record, the supplemental briefing, and the applicable law, the Court concludes that he is not.

"Where, as here, the prima facie case of wage discrimination is based on comparators, the plaintiff must show that she is paid less than men in similar jobs." *Spencer*, 919 F.3d at 207 (citing *Brinkley-Obu v. Hughes Training, Inc.*, 36 F.3d 336, 343 (4th Cir. 1994)). It is clear from the evidence in the record, that Plaintiff and Swords did not perform sufficiently similar jobs in that she did not manage the QuickJobs training centers and did not teach any classes. Title VII's "similarity" requirement mandates that the plaintiff provide "evidence that the proposed comparators are not just similar in some respects, but 'similarly-situated in all respects.'" *Spencer*, 919 F.3d at 208–09 (quoting *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 583 (6th Cir. 1992)); *see also Bio v. Fed. Express Corp.*, 424 F.3d 593, 597 (7th Cir. 2005) ("In evaluating whether two employees are directly comparable, the court must look at all relevant factors, including whether the

---

[2] As noted in the Report, Plaintiff also identified Kevin Steele as a comparator. *See* ECF No. 36 at 5. The Magistrate Judge found that "Plaintiff does not even attempt to explain how Steele's position is similar to hers." *Id.* This statement was not challenged in Plaintiff's objections or at the hearing. Accordingly, the Court will consider this argument abandoned.

4

employees (i) held the same job description,[3] (ii) were subject to the same standards, (iii) were subordinate to the same supervisor, and (iv) had comparable experience, education, and other qualifications—provided the employer considered these latter factors in making the personnel decision." (internal quotation marks omitted)).

Most significantly, the Court finds that Plaintiff cannot establish that Defendant's decision regarding compensation for her position was related to her gender. The evidence in the record establishes that Defendant made the decision to reduce the responsibilities and the pay of the position that had been occupied by Swords before Plaintiff was hired. Accordingly, the circumstances fail to suggest an unlawfully discriminatory motive for the pay disparity between Plaintiff and Swords.

Accordingly, the Court adopts the recommendation of the Magistrate Judge. Defendant's Motion for Summary Judgment [32] is **GRANTED**.

IT IS SO ORDERED.

| | |
|---|---|
| February 19, 2020 | s/ Donald C. Coggins, Jr. |
| Spartanburg, South Carolina | United States District Judge |

---

[3] Plaintiff's supplemental briefing failed to create a genuine issue of material fact with respect to whether Plaintiff's job description was misleading and, in reality, she was performing essentially the same job was Swords.